Filed 7/19/16  Sheehe v. Kihagi CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| JOHN SHEEHE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ANNE KIHAGI et al.,<br><br>    Defendants and Appellants;<br><br>CITY OF WEST HOLLYWOOD,<br><br>    Intervener and Respondent. | B259455<br><br>(Los Angeles County<br>Super. Ct. No. SC119079) |

    APPEAL from an order of the Superior Court of Los Angeles County, Richard A. Stone, Judge.  Affirmed.

    NT Law Group and Julie N. Nong for Defendants and Appellants.

    Michael Jenkins, City Attorney, and Alison G. Regan, Staff Attorney, for Intervener and Respondent City of West Hollywood.

    Horvitz & Levy, John A. Taylor, Jr., Scott P. Dixler; Law Offices of Daniel Marquez and Daniel Marquez for Plaintiff and Respondent John Sheehe.

————————————

John Sheehe (Sheehe) and the City of West Hollywood (City) brought this action against Anne Kihagi, 1263 N. Crescent LLC, Aquat 009 LLC, and Nivo-1 LLC (collectively, Kihagi) alleging that Kihagi violated the West Hollywood municipal codes which implement the Ellis Act. The Ellis Act is a California statute setting forth the requirements and conditions under which a landlord may remove rent-controlled rental property from the market in order to exit the rental business. (Gov. Code, §§ 7060–7060.7.)

Kihagi owns a rent-controlled property in West Hollywood and, on July 17, 2008, sent notices pursuant to the Ellis Act to the tenants of the rental property including Sheehe (Ellis notices). The Ellis notices required the tenants to vacate their apartments by November 14, 2008. On October 30, 2008, the City brought a lawsuit against Kihagi alleging, *inter alia*, violations of the city's municipal codes which implement the Ellis Act. (*Kihagi I*)

In January 2009, the City and Kihagi entered into a settlement agreement (the settlement agreement) prohibiting Kihagi from re-renting units for a certain period of time. By April 2012, Kihagi had re-rented four of the eight units at market prices rather than rent-controlled prices. The City successfully moved the court to enforce the settlement agreement against Kihagi; Kihagi appealed: the issue in that prior appeal concerned the parties' different interpretations of the terms of the settlement agreement specifying the period of time Kihagi could not make the units available for rent, to persons other than the evicted tenants, and/or at higher rental rates.

After Kihagi filed the notice of appeal in *Kihagi I* but before we issued our opinion in that case, Sheehe filed this lawsuit on November 15, 2012 wherein he alleged that Kihagi had violated the city's municipal codes implementing the Ellis Act (*Kihagi II*). The City intervened in Sheehe's lawsuit and successfully moved for a preliminary injunction which enjoined Kihagi from re-renting units at the West Hollywood rental property pending trial in *Kihagi II*. Importantly, Kihagi did not appeal the issuance of the preliminary injunction.

2

On January 7, 2014, in *Kihagi I*, we interpreted the settlement agreement in favor of Kihagi and concluded that Kihagi had not breached the terms of the agreement. Subsequently, in *Kihagi II*, Kihagi moved to dissolve the preliminary injunction. The trial court denied the motion but modified the preliminary injunction; Kihagi appealed.

We hold that our decision in *Kihagi I* has no res judicata effect on this case (*Kihagi II*) because our opinion in *Kihagi I* interpreted the settlement agreement and nothing else. Further, Kihagi cannot belatedly raise issues that could have been raised in an appeal from the trial court's grant of the original preliminary injunction in *Kihagi II*.

## BACKGROUND

### I.      Statutory background

The Ellis Act mandates that no public entity "shall . . . compel the owner of any residential real property to offer, or to continue to offer, accommodations in the property for rent or lease . . . ." (Gov. Code, § 7060, subd. (a).) To prevent landlords from using the Ellis Act to avoid rent control laws that restrict when a landlord can evict tenants, the statute mandates various penalties in the event landlords return their property to the rental market after having sent an Ellis notice to their tenants. One such penalty is requiring landlords to provide prior tenants the right of first refusal to re-rent the tenants' prior units at rent-controlled prices. (Gov. Code, § 7060.2.) The City's West Hollywood Municipal Code section 17.52.010 (MC 17.52.010) imposes the same penalties outlined in the Ellis Act.

West Hollywood Municipal Code section 17.52.030 (MC 17.52.030) further mandates: "A landlord shall not endeavor to recover possession of a rental unit unless at least one of the grounds enumerated in Section 17.52.010 is the landlord's dominant motive for recovering possession." MC 17.52.010 permits the following as a ground for a landlord to terminate tenancy: "The landlord intends to withdraw *all* rental units in all buildings or structures on a parcel of land from the rental market . . . ." (Italics added.) We refer herein to MC 17.52.010 and MC 17.52.030 collectively as the "West Hollywood Municipal Code."

3

## II.     Facts of the case

### A.      *Kihagi I*

Kihagi owns a rent-controlled 8-unit rental property at 1263 to 1267-1/2 N. Crescent Heights Blvd in West Hollywood.  Sheehe lived in Unit 1265-1/2.  As of July 17, 2008, the building had four occupied units and four vacant units; on that date, Kihagi sent Ellis notices to the tenants in the four occupied units that they must vacate their units by November 14, 2008.  One of the four vacant units (Unit 1263-1/2) Kihagi rented to a new tenant on August 8, 2008.

On October 30, 2008, the City filed its complaint in *Kihagi I*.  The City's complaint, among other allegations, asserted that in light of Kihagi re-renting Unit 1263-1/2, Kihagi did not intend to leave the rental business and thus Kihagi was in violation of the West Hollywood Municipal Code.

In January 2009, the City and Kihagi entered into the settlement agreement.  That agreement extended the eviction date identified in Kihagi's Ellis notices to February 12, 2009 and also restricted when Kihagi may re-rent the units in Kihagi's property.  On February 4, 2009, the trial court dismissed the City's complaint.

By April 2012, Kihagi had re-rented Units 1265, 1263-1/2, 1267-1/2, and 1265-1/4 at market prices (that is, at rates above the rent-controlled rates at which the respective units had previously been leased, plus any adjustments).  On May 16, 2012, the City moved to enforce the settlement agreement.  The trial court, after finding Kihagi in breach of the agreement, enjoined Kihagi "'from proceeding with the termination of tenancies at 1263–1267-1/2 N. Crescent Heights Blvd. under the [Ellis notices.]'"  On September 18, 2012, Kihagi appealed to this court.[1]  On January 7, 2014, because the

---

[1] In the interests of justice, we take judicial notice, on our own motion, of the notice of appeal filed on September 18, 2012 in *Kihagi I*.  A reviewing court should give the parties opportunity to comment on the propriety of judicial notice and the tenor of the matter to be noticed on the reviewing court's own motion, if the matter is of substantial consequence to the appellate opinion.  (Evid. Code, § 452, subd. (d) [judicial notice of

4

City's interpretation of the settlement agreement would lead to "absurd results," we interpreted the agreement in favor of Kihagi and reversed the trial court's judgment in *Kihagi I*.

### B. *Kihagi II*

After Kihagi had filed a notice of appeal in *Kihagi I* but before we issued the opinion, Sheehe filed this lawsuit against Kihagi on November 15, 2012. Sheehe's third amended complaint asserted that Kihagi had violated MC 17.52.010 and sought a court order requiring Kihagi to provide Sheehe a right of first refusal to re-rent his former unit at a rent-controlled price as well as a court order awarding him monetary damages.

On March 19, 2013, the City filed a complaint against Kihagi as an intervener in Sheehe's lawsuit. The City's first cause of action in its May 23, 2013 first amended complaint asserted that Kihagi violated MC 17.52.010 by "re-offer[ing units] for rent" in December 2011 (which resulted in the re-renting of units in April 2012) yet refusing to provide a right of first refusal to any of the former tenants. The City's second cause of action asserted that Kihagi violated MC 17.52.030 because Kihagi's "dominant motive" in withdrawing the rental property was not to leave the rental business; instead, Kihagi's dominant motive in withdrawing the rental property was to evict the tenants paying rent-controlled prices in order to re-rent the units to new tenants at higher market prices.

On May 2, 2013, the City moved for a preliminary injunction to enjoin Kihagi from re-renting the units. On June 6, 2013, the trial court granted the motion. On April 30, 2014, Kihagi re-rented Sheehe's prior unit, Unit 1265-1/2; at an undisclosed date, Kihagi also re-rented Unit 1265-3/4. On July 3, 2014, Kihagi moved to dissolve the preliminary injunction; on September 5, 2014, the trial court denied the motion but modified the injunction.

On October 1, 2014, Kihagi appealed that ruling. On October 27, 2015, Sheehe filed a request for judicial notice of an August 21, 2002 letter from Senator Sheila James

court records], § 459.) Here, the notice of appeal in *Kihagi I* is not of substantial consequence.

5

Kuehl to Governor Gray Davis urging him to sign the unopposed Senate Bill No. 1403. We now grant Sheehe's request for judicial notice.

## DISCUSSION

**I.  Our decision in *Kihagi I* has no res judicata effect on the issues in *Kihagi II* that concern the interpretation of the Ellis Act or the West Hollywood Municipal Code.**

Kihagi contends that our decision in *Kihagi I* has res judicata effect barring the City's second cause of action in *Kihagi II*.  Kihagi's briefing on this point is short and conclusory:  simply noting that both the City's complaint in *Kihagi I* and the City's first amended complaint in *Kihagi II* reference MC 17.52.030's authorization that a landlord can evict tenants if one of the grounds enumerated in MC 17.52.010 is the landlord's "dominant motive for recovering possession." (Italics omitted.)  As explained below, we find no merit in Kihagi's contention.

Our holding in *Kihagi I* had a narrow focus on one issue and one issue alone:  the interpretation of the settlement agreement.  The Discussion section started with a paragraph explaining that the parties' arguments on appeal concerned interpretation of the settlement agreement:  "Kihagi contends she never breached the settlement agreement because it only provides she would comply with the Ellis Act, not that she would not return the units to the rental market for 10 years. . . .  The City argues the plain language of the settlement agreement establishes Kihagi agreed to keep the units off the market for 10 years . . . ."  The Analysis section rejected the City's interpretation of the terms of the settlement agreement:  "Here, given the parties' expressed intent, to adopt the City's interpretation would lead to absurd results."  We explained our construction of the disputed provision in the settlement agreement:  "Thus, the settlement agreement's provision [in dispute] must be given a reasonable interpretation . . . ."

Our decision in *Kihagi I* neither addressed nor attempted to address the general application of the Ellis Act or the West Hollywood Municipal Code.  The terms of the settlement agreement were not coextensive with the requirements of the Ellis Act and the West Hollywood Municipal Code.  The settlement agreement was simply a private

6

contract between two parties. Accordingly, our discussion interpreting the terms of the settlement agreement was not an interpretation of either of those two laws.

Rather, our holding in *Kihagi I* focused on the terms of the settlement agreement. As the language of the disputed provision of the settlement agreement was equivocal, we construed the agreement to effect the only reasonable interpretation of the parties' intentions which we could discern—and we expressly stated our ruling as such. Specifically, in this context where it was apparent that the landlord was not in fact seeking to exit the rental market and that the parties entered into the settlement agreement in lieu of legal enforcement of the Ellis Act and the West Hollywood Municipal Code at that time, we reasoned that a party would not have entered into a settlement agreement that was even more onerous than the opposing party's litigation position, for example, a 10-year ban prohibiting Kihagi from entering the rental market. Thus, our decision in *Kihagi I* has no res judicata effect in this case.

## II. Kihagi cannot raise issues in this appeal that Kihagi could have raised on appeal from the trial court's order granting the original preliminary injunction in *Kihagi II*.

On an appeal from a trial court's order modifying an injunction or refusing to dissolve an injunction, issues that could have been raised in an appeal from the trial court's order granting the original injunction are not reviewable on appeal. (*Malatka v. Helm* (2010) 188 Cal.App.4th 1074, 1083–1084; *Chico Feminist Women's Health Center v. Scully* (1989) 208 Cal.App.3d 230, 251–252.)

The trial court's order granting the original preliminary injunction in *Kihagi II* on June 6, 2013 was an appealable order, but Kihagi chose not to appeal the ruling. In this appeal, Kihagi asserted the following arguments: that the Ellis Act limits when a public entity can initiate a civil proceeding seeking injunctive relief against a landlord, that the City cannot bring a lawsuit against Kihagi to enforce its ordinances implementing the Ellis Act, that landlords can withdraw their rental properties from the market pursuant to the Ellis Act regardless of their motive in doing so, and that our decision in *Kihagi I* has res judicata effect on this case. When the trial court issued the original preliminary

7

injunction in *Kihagi II*, we had not issued our opinion in *Kihagi I* and therefore the res judicata question had not arisen.  Thus, the res judicata question was appropriately before this court in this appeal; we have now resolved it against Kihagi.  Other than that issue, Kihagi could have raised the other arguments in an appeal from the original injunction but Kihagi filed no such appeal.  Thus, we will not now consider those other arguments. We will not permit Kihagi to misuse this appeal to obtain late appellate review of issues that are more than 2 years past the window for appeal.

## DISPOSITION

The order is affirmed.  Costs are awarded to the City of West Hollywood and John Sheehe.

NOT TO BE PUBLISHED.


JOHNSON, J.


We concur:


ROTHSCHILD, P. J.


LUI, J.